NO. 12-08-00058-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DEVON CONSTANTINE HENRY,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Devon Constantine Henry appeals his conviction for evading arrest or detention with a
vehicle. Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738,
87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969). Appellant also filed a brief pro se. We dismiss Appellant's appeal.


Background

 Appellant was charged by indictment with the offense of evading arrest or detention with a
vehicle, a state jail felony. (1) The indictment also included a felony enhancement paragraph, and the
judgment of that conviction contained an affirmative finding under section 3(g)(a)(2), article 42.12
of the Texas Code of Criminal Procedure. (2) On November 28, 2007, Appellant entered an open plea
of guilty to the offense charged in the indictment, and also pleaded "true" to the felony enhancement
paragraph. Appellant and his counsel signed an agreed punishment recommendation, an
acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and
a written stipulation of evidence in which Appellant swore that such stipulation constituted the
evidence in the case. Further, Appellant acknowledged that he was guilty of an unadjudicated
offense, tampering with evidence. (3) However, Appellant did not waive his right to appeal. 

 After a punishment hearing, the trial court adjudged Appellant guilty of the offense as set
forth in the indictment, found the enhancement paragraph to be "true," considered his guilty plea to
the unadjudicated offense, and assessed his punishment at seven years of imprisonment and a $1,000
fine. (4) This appeal followed.


Analysis pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. From our review of
Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In
compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel's brief presents a chronological summation of the procedural history of the case, and further
states that counsel is unable to raise any arguable issues for appeal. 

 Appellant's pro se brief raises five issues. He argues that his trial counsel rendered ineffective
assistance by:


 1. failing to make timely and proper objections to preserve any error for appeal;


 2. failing to preserve Appellant's Fifth and Fourteenth Amendment rights in
connection with the videotape of the charged offense;


 3. failing to challenge the unadjudicated offense that the trial court considered for
punishment;


 4. failing to file any motions for discovery regarding the reasonableness of the stop or
the mitigating circumstances in his previous conviction;


 5. inducing Appellant to plead guilty by suggesting that he would receive a bench trial
and probation upon signing the plea documents and, because he wanted to go to
trial, making his guilty plea involuntary without an understanding of the nature of
the charge and the consequences of a plea.



 We have reviewed the record for reversible error and have found none.


Conclusion

 As required, Appellant's counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly
frivolous and his motion for leave to withdraw is hereby granted. See In re Schulman, 252 S.W.3d
at 408-09.

 Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion
and judgment to Appellant and advise him of his right to file a petition for discretionary review. See
Tex. R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. Should Appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney
to file a petition for discretionary review or he must file a pro se petition for discretionary review. 
See In re Schulman, 252 S.W.3d at 408 n22. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely motion for rehearing that was
overruled by this court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 68.4; In re Schulman, 242 S.W.3d at 408 n.22.

 We dismiss Appellant's appeal.

Opinion delivered April 30, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)
1. See Tex. Penal Code Ann. § 38.04(a), (b)(1) (Vernon 2003).
2. An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is
shown on the trial of the offense that the individual has previously been finally convicted of any felony for which the
judgment contains an affirmative finding under section 3(g)(a)(2), article 42.12 of the Texas Code of Criminal
Procedure. See Tex. Penal Code Ann. § 12.35(c)(2)(B) (Vernon Supp. 2008).
3. See Tex. Penal Code Ann. § 12.45(a) (Vernon 2003). The unadjudicated offense is trial court cause
number 007-0938-07.
4. An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of
not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. See Tex. Penal Code
Ann. § 12.34 (Vernon 2003).